IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYES DIVISION/IBT,<br><br>  Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>  Defendant. | 8:19-CV-466<br><br>**ORDER** |

This matter is before the Court on the Defendant's Motion to Dismiss, Transfer, or Stay. Filing 11. Defendant argues the Court should dismiss this case, *see* Filing 12 at 7-14, or, alternatively, stay it or transfer it the United States District Court for the District of Columbia for efficient, uniform, and comprehensive disposition in conjunction with a nearly identical case filed there. See Filing 12 at 15-20. Plaintiff opposes dismissal and argues this Court is the appropriate venue for this case to proceed without a stay. *See* Filing 17.

Having considered the parties' briefing, the Court will set a video conference hearing for oral argument on Defendant's motion. The Court wishes to hear argument on the question of whether the case should be dismissed. Further, the Court wishes to hear argument on the issue of whether transferring this case to the United States District Court for the District of Columbia is permissible under 28 U.S.C. § 1404(a). A defendant's consent to or waiver of personal jurisdiction and proper venue cannot be the basis for transfer. *See Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S. Ct. 1084, 1089, 4 L. Ed. 2d 1254 (1960). Specifically, the Court wishes to hear argument and receive evidence as to whether the United States District Court for the District of Columbia has personal jurisdiction over Defendant, whether general or specific, or is the proper venue under 28 U.S.C. § 1391.

To further assist the Court with this matter, the parties are ordered to submit supplemental briefing and supporting evidence, which the Court can properly consider related to a motion for transfer. See *Sitzer v. Nat'l Ass'n of Realtors*, No. 4:19-CV-00332-SRB, 2019 WL 3892873, at *1 (W.D. Mo. Aug. 19, 2019) ("[W]hen reviewing a motion to transfer, a court may consider evidence outside of the pleadings but must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party." (quoting *Thompson v. Titus Transp., LP*, No. 11-CV-1338-EFM-KMH, 2012 WL 5933075, at *3 (D. Kan. Nov. 27, 2012))). Defendant shall submit a supplemental brief and file any relevant evidence supporting its motion on or before May 22, 2020. Plaintiff shall respond with a brief and file any relevant evidence on or before May 29, 2020. Each brief is limited to ten double-spaced pages. The video conference hearing date and time will be set by separate text order. Due to the COVID-19 pandemic, the parties or their representatives are not allowed to appear in person.

Dated this 14th day of May, 2020.

                                      BY THE COURT:

                                      Brian C. Buescher
                                      United States District Judge